# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLAUDE WINSTON** : | |
|        Petitioner, : | |
| : | |
| v. : | **CIVIL ACTION NO. 16-5846** |
| : | |
| **CYNTHIA LINK,** *et al.* : | |
|        Respondents. : | |

## ORDER

Petitioner, who is proceeding *pro se*, seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. The Petition was referred to Magistrate Judge Lynne A. Sitarski, who has issued a Report and Recommendation ("R&R") that the petition be denied. Petitioner has filed objections to the R&R. Upon careful, *de novo* review of the record, the Court determines that Petitioner has not shown an entitlement to relief.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition. Under AEDPA, "a district court shall entertain an application for a writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States."[1] Where, as here, the petition is referred to a magistrate judge for a report and recommendation, a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept,

---

[1] 28 U.S.C. § 2254(a).

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2]

Where the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[3]

A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[4] A decision is an "unreasonable application of" clearly established law if "the state court identifies the correct governing legal principle…but unreasonably applies that principle to the facts of the prisoner's case."[5] The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[6] Rather, the application of clearly established law must be "objectively unreasonable."[7]

---

[2] 28 U.S.C. § 636(b)(1).

[3] 28 U.S.C. § 2254(d).

[4] *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

[5] *Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

[6] *Id.*

[7] *Id.*

If a petitioner failed to raise a claim in state court, it is procedurally defaulted.[8] A petitioner can overcome this default by establishing cause and prejudice to excuse the default or that a fundamental miscarriage of justice would result.[9]

The R&R determined that Petitioner's first ground for relief, that there was insufficient evidence to support his conviction for second-degree murder and related charges, was procedurally defaulted. The claim was raised in his counseled direct appeal, but the Superior Court determined that the argument was so undeveloped as to be waived.[10] Because the claim was rejected on independent and adequate state-law grounds, it is procedurally defaulted.[11]

Petitioner argues that because counsel in the proceedings under Pennsylvania's Post-Conviction Relief Act ("PCRA") failed to litigate the claim, he can seek relief under *Martinez v. Ryan*, in which the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffectiveness of counsel at trial if, in [an] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[12] Three conditions must be met for *Martinez* to apply: (1) the default was caused by ineffective assistance of post-conviction counsel or the lack thereof; (2) in the initial-review collateral proceeding; and (3) the underlying claim of ineffective assistance is substantial,

---

[8] 28 U.S.C. § 2254(b).

[9] *Coleman v. Thompson*, 501 U.S. 722, 737 (1991).

[10] R&R at 9–10. The Superior Court did note that if it were to reach the merits, the evidence was sufficient to support the verdict. *Commonwealth v. Winston*, No. 182 EAL 2010, slip op. at 6 & n.1 (Pa. Super. Ct. Oct. 29, 2010). The Superior Court also held that Petitioner had preserved a challenge to the weight of the evidence in which he argued that the testimony of the Commonwealth's witnesses was inconsistent and incredible. *Id.* at 6. The court rejected the argument, holding that the testimony was corroborated by the physical and ballistic evidence and that questions of credibility were for the jury. *Id.* at 8.

[11] "As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement; and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).

[12] 566 U.S. 1, 17 (2012).

meaning it has some merit.[13] Whether a claim is "substantial" is a "threshold inquiry that does not require full consideration of the [claim's] factual or legal bases."[14]

Petitioner cannot show that his PCRA counsel was ineffective in not raising the claim relating to sufficiency of the evidence, because the evidence at trial plainly was sufficient to convict Petitioner. The evidence included testimony from two witnesses who knew Petitioner and identified him as the person who shot the victim after telling the victim to give up two bags of marijuana.[15] A police detective testified to hearing Petitioner say on his cell phone the day after the shooting (after Petitioner had approached the police near the crime scene and told them a rumor was circulating that he was responsible), "you know where I was last night but I can't say right now."[16] There was also evidence from another witness, Nathanial Brookens, that Petitioner had confessed to the crime while they were both in custody.[17] Because the evidence at trial was sufficient to support Petitioner's conviction, the objections to the R&R on this ground for relief are overruled.

Petitioner's second ground for relief is based on two issues of after-discovered evidence. First, there was evidence of a letter sent by Brookens to a romantic partner stating that Petitioner "got pay back" in retaliation for Petitioner's involvement with that partner. Petitioner argues that the letter establishes that Brookens lied at trial.[18] The PCRA court held a hearing on the

---

[13] *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 14).

[14] *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 238 (3d Cir. 2017) (citation omitted).

[15] The testimony of one witness spanned two days of trial; at first, the witness denied having identified Petitioner to the police; the second day, he acknowledged that it was his voice in a videotaped statement and explained why he had lied the day before. Trial Tr. 3/10/09, 3/11/09. The second witness could not be located to testify at trial, despite the issuance of a bench warrant, and the testimony from the preliminary hearing was read into the record after defense counsel acknowledged that he had a full and fair opportunity to cross-examine the witness at the preliminary hearing. Trial Tr. 3/12/09 at 130–31.

[16] Trial Tr. 3/12/09 at 190.

[17] Trial Tr. 3/12/09 at 47–48, 60–61, Trial Tr. 3/13/09 at 77–78.

[18] *Commonwealth v. Winston*, No. CP-51-CR-0013213-2007, slip op. (Phila. Cnty. Com. Pl. Apr. 8, 2015).

4

Brookens letter, hearing from the recipient and other relevant witnesses, and concluded that the evidence would not have altered the outcome at the trial because there was substantial evidence presented at trial of animus that Brookens held toward Petitioner and no evidence at the PCRA hearing that the "pay back" referred to false trial testimony by Brookens. The Superior Court affirmed.[19]

Second, Petitioner's counsel in the PCRA proceedings initially presented, but then withdrew, a claim based on a letter and affidavit from Jeremiah Bush, stating that two other men committed the murder, and one of them admitted this to Bush. The affidavit and letter were written in 2014, long after the 2009 trial, and after the alleged killer died.

The R&R concluded that to the extent Petitioner argues that the PCRA court's failure to grant a new trial denied him due process of law, the claim is not cognizable on habeas review.[20] The R&R also correctly concluded that that Petitioner cannot establish that the PCRA court's failure to grant relief violated Petitioner's right to due process because the claim is procedurally defaulted and he cannot overcome this bar unless he can persuade this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[21] The proposed evidence here does not meet this standard.

As to the Brookens letter, the issue of ill will between Brookens and Petitioner was explored at length at Petitioner's trial, making the letter cumulative. Moreover, the evidence at

---

[19] *Commonwealth v. Winston*, No. 1227 EDA 2015, slip op. (Pa. Super. Ct. Nov 13, 2015).

[20] R&R at 21. There is no claim under *Martinez* as to the Bush affidavit and letter. Because they were not available at the time of the 2009 trial, they cannot form the basis of any claim of ineffectiveness of trial counsel. Even if counsel in the PCRA proceedings provided ineffective assistance of counsel in withdrawing the claim based upon this evidence, such a claim is not cognizable on habeas review. In addition, the affidavit and letter were written years after the trial and not until "after the alleged perpetrator of the murder[] himself was dead," and lack sufficient indicia of reliability. *Herrera v. Collins*, 506 U.S. 390, 417–18 (1990).

[21] *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

5

trial was sufficient to convict even without the testimony from Brookens. The 2014 Bush affidavit and letter, even if they had been available at the time of the 2009 trial, would not have required a jury to acquit Petitioner if the jurors believed the other evidence, including the testimony of the eyewitnesses.

Petitioner also objects to the R&R's conclusion that Petitioner's claims of ineffective assistance of trial counsel, which were not raised in the state courts, were procedurally defaulted, and that the default cannot be excused under *Martinez*. The Court agrees with the discussion in the R&R that claims of ineffective assistance of counsel are vague and conclusory, and otherwise not substantial.[22]

**AND NOW,** this 6th day of March 2020, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the R&R of United States Magistrate Judge Lynne A. Sitarski, and the objections thereto, and for the reasons stated above, it is hereby **ORDERED** that:

1. The Objections are **OVERRULED**;

2. The R&R [Doc. No. 17] is **APPROVED** and **ADOPTED**; and

3. The Petition will be dismissed by separate Order.

It is so **ORDERED**.

                              **BY THE COURT:**

                              **/s/ Cynthia M. Rufe**
                              _____
                              **CYNTHIA M. RUFE, J.**

---

[22] R&R at 22–28.